## GILLIN PRINTING CO. v. TRAPHAGEN.

(Supreme Court, Appellate Term.   October, 1901.)

**1.** APPEAL—HARMLESS ERROR—ACTION FOR SERVICES—EVIDENCE.

Error, in an action for services, in which the defendant contends that the services were performed for a corporation of which he was the president, in refusing to allow the defendant to introduce a bill rendered the corporation by plaintiff for such services, is harmless error, when plaintiff's agent testifies that the bill was made to the corporation through mistake.

**2.** CORPORATIONS—PARTIES—CORPORATE CAPACITY.

Where there is undisputed evidence in an action by a corporation in the municipal court, in which the pleadings are oral, that the plaintiff is a corporation, it is sufficient to establish its corporate capacity.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Gillin Printing Company against John J. Traphagen. From a judgment of the municipal court of the city of New York in favor of the plaintiff, the defendant appeals. Affirmed.

Argued before McADAM, P. J., and FREEDMAN and GILDERSLEEVE, JJ.

Nathaniel Levy, for appellant.
Baggott & Ryall, for respondent.

McADAM, J.   In this action for work, labor, and services, the defendant's main defense was that the work was not performed for him, but for a corporation of which he was president. We think the justice's finding that the work was done for the defendant is correct. Requests for an estimate, and that Mr. Gillin, plaintiff's agent, should call in reference to same, although written upon the printed letter head of the defendant's corporation, are signed by the defendant personally, without any indication of corporate capacity, and contain language denoting individual, not corporate, action. "Please quote me," "Let me have this information," "Call and see me,"—these are phrases in letters over the defendant's signature.

Although defendant's Exhibit 1 for identification, which is a bill made out for the work in question to the corporation, of which defendant is president, was, erroneously as we believe, not admitted in evidence, the error does not call for a reversal of the judgment. For Mr. Gillin, the plaintiff's representative, swore that it was a clerical error to make the bill out against the corporation.

The defendant's motion, made at the close of the plaintiff's case, for a dismissal on the ground that there was no proof of incorporation, was properly denied. Conceding the correctness of the appellant's contention that, in an action by a corporation in the municipal court, it is not necessary, in order to deny the existence of the corporation, to set up by an affirmative allegation in a verified answer that the plaintiff is not a corporation, it would seem that where the pleadings are oral, as in this case, and there is af-

firmative proof that plaintiff is a corporation, such proof is conclusive, in the absence of evidence to the contrary. The plaintiff's witness swore to the fact of corporate existence and the return contains no evidence to the contrary.

Judgment affirmed, with costs. All concur.